UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| V.M.,<br><br>    Plaintiff,<br><br>  v.<br><br>KILOLO KIJAKAZI, Commissioner of Social Security,<br><br>    Defendant. | Case No. 21-cv-07068-NC<br><br>**ORDER REMANDING CASE FOR FURTHER PROCEEDINGS**<br><br>Re: ECF 17; ECF 23 |

Claimant V.M.[1] appeals from an Administrative Law Judge's second denial of her application for disability benefits. V.M. argues that the Administrative Law Judge (ALJ) erred by: (1) failing to properly apply Step Two of the sequential evaluation process; (2) improperly discrediting V.M.'s testimony of her symptoms; and (3) failing to provide adequate reasons for discrediting the medical opinions of her treating and examining physicians. V.M. moves for summary judgment, reversal of the Commissioner's final decision, or remand of this case in accordance with sentence four of 42 U.S.C. § 405(g). After reviewing the briefing and administrative record, the Court orders this case REMANDED for further proceedings.

---

[1] Because orders of the Court are more widely available than other filings, and this order contains potentially sensitive medical information, this order refers to the plaintiff only by initials. This order does not alter the degree of public access to other filings in this action provided by Rule 5.2(c) of the Federal Rules of Civil Procedure and Civil Local Rule 5-1(c)(5)(B)(i).

## I. BACKGROUND

On June 10, 2015, V.M. filed an application for Supplemental Security Income ("SSI") based on her alleged disabilities, which began on October 6, 2014. AR 197. The ALJ issued a decision finding that V.M. was not disabled on September 6, 2017. AR 14. The Appeals Council denied Claimant's request for review of the ALJ's decision on July 31, 2018. V.M. then appealed the decision of the Commissioner of Social Security, and the case was remanded for further proceedings on September 26, 2020. AR 784-793 (*V.M. v. Commissioner of Social Security*, Case No. 18-cv-06064-RS (N.D. Cal. Aug. 11, 2020)).

On July 9, 2021, V.M. once again received an unfavorable decision on her application for disability insurance under the Social Security Act ("SSA"). AR 701. V.M. once again appeals the Commissioner's decision to this Court. ECF 1. All parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). ECF 6; ECF 9. The facts relevant to each argument are discussed in further detail in their respective sections.

## II. LEGAL STANDARD

A district court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 405(g). The decision of the Commissioner should only be disturbed if it is not supported by substantial evidence or if it is based on legal error. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Substantial evidence is evidence that a reasonable mind would accept as adequate to support the conclusion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) ("[It] is more than a mere scintilla but less than a preponderance"). "In assessing whether a finding is supported by substantial evidence, [the Court] must consider the record as a whole." *Howard v. Heckler*, 782 F.2d 1484, 1487 (9th Cir. 1986) (citing *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 492-97 (1951)). Even when the ALJ commits legal error, the decision must be upheld if the error is harmless. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). However, "[a]

reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld. *Burch*, 400 F.3d at 679 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995)).

### III. DISCUSSION

#### A. ALJ Erred in Step Two Analysis

First, V.M. argues that the ALJ erred by finding that V.M. "did not have a severe, medically determinable mental impairment." ECF 17 at 7.

To determine if an individual is "disabled" and eligible for benefits, an ALJ must conduct a five-step sequential process. 20 C.F.R. § 404.1520. At Step Two, the ALJ considers the medical severity of a claimant's impairments. 20 C.F.R. §404.1520(a)(4)(ii). If the ALJ finds that the claimant's impairments "not severe," they will find the claimant not disabled. *Id.* An impairment is non-severe only if the evidence shows that it is no more than "a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 687 (9th Cir. 2005).

Here, the ALJ found that V.M. did not have a severe mental impairment because "'claimant's . . . mental impairment . . . did not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and was therefore non[-]severe." ECF 23 at 7-8 (citing AR 693). The ALJ points to evidence that V.M. had "been prescribed mental health medication," was involved with and leading the Golden Gate Weavers organization, and State assessments that she was only mildly limited in her daily activities. *Id*. The ALJ also cited V.M. reporting that she felt "'stronger physically and emotionally' and that she was attending 'yoga once a week and swimming twice a week.'" *Id.* (citing AR 693, 2348).

The Ninth Circuit has held that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Garrison*, 759 F.3d at

1016 (internal citation and quotations omitted). It has further emphasized that taking evidence of hobbies and pastimes and using it to substantiate a supposed ability to work is "a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases." *Garrison*, 759 F.3d at 1016 (internal citation omitted). In addition, a court in this district has previously warned the ALJ in *V.M. v. Commissioner of Social Security*, Case No. 18-cv-06064-RS, that V.M.'s attempts to have an active social life should not be indicative of "his or her ability to work." AR 790. Therefore, the Commissioner made the same erroneous determination that V.M.'s hobbies and pastimes can be used to justify finding a disability as non-severe.

The Ninth Circuit has also held that those who suffer from conditions such as depression will often experience "wax[ing] and wan[ing symptoms] in the course of treatment." *Garrison*, 759 F.3d at 1017. V.M.'s record states that she suffers from Major Depressive Disorder. AR 556-560, 1307, 1317, 1468, 2427-8, 2588, 2812. V.M.'s medical mental health prescription and testimony that she was feeling better on certain days should not preclude consideration of the numerous times where her disorder has strongly impaired her ability to lead a normal life. *Id.*

Because the Court finds that the ALJ's determination that V.M. does not have severe mental impairment relies on improper weighting of evidence, the Court orders the case remanded for the ALJ to reconsider all the entirety of the record involving V.M.'s impairment according to Ninth Circuit precedent.

### B. ALJ Failed to Provide Clear and Convincing Reasons for Discrediting V.M.'s Testimony of Her Symptoms

Second, V.M. appeals the ALJ's decision on the grounds that the ALJ erred by failing to provide specific reasons that are clear and convincing for discounting her subjective symptom testimony regarding her Major Depressive Disorder. ECF 17 at 10.

"Because symptoms, such as pain, as subjective and difficult to quantify, any symptom-related functional limitations and restrictions that medical sources or nonmedical sources report, which can reasonably be accepted as consistent with the objective medical

4

evidence and other evidence, will be taken into account . . . in reaching a conclusion as to whether [a claimant is] disabled." 20 C.F.R. §404.1529(c)(3). "Where . . . an ALJ concludes that a claimant is not malingering, and that she has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms alleged, the ALJ may 'reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492-93 (9th Cir. 2015) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). "In this analysis, the claimant . . . need only show that it could reasonably have caused some degree of the symptom.'" *Garrison*, 759 F.3d at 1014 (citing *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)).

V.M. reported various physical and mental impairments such as: difficulty sitting and standing; difficulty with her back, feet, legs, and shoulders; inability to squat; and depression. AR 696. These alleged symptoms could reasonably be produced by V.M.'s fall at work and the depression she continuously sought treatment for. The ALJ rejected V.M.'s testimony about the severity of her symptoms based on spinal MRIs and a physical examination. ECF 23 at 17. The ALJ again refers to V.M.'s ability to perform some basic functions such as dress and cook, serve as President of the Golden Gate Weavers Guild, and participate in hobbies such as yoga and swimming to indicate a lack of severity in V.M.'s impairment. ECF 23 at 17-18.

Despite instances of improvement, the entire record should be considered for a holistic, longitudinal assessment of the claimant's impairment. Again, this Court emphasizes that an individual's involvement in basic pastimes should not be a negating factor to their disability analysis. Therefore, it finds that none of these reasons alone or in combination is sufficient to specially, clearly, and convincingly discredit V.M.'s testimony of her symptoms.

### C. ALJ Erred in Analysis of Medical Opinions

Finally, V.M. argues that the ALJ erred by failing to provide reasons for discrediting the opinions of the examining and treating doctors that were clear, convincing,

and supported by substantial evidence. ECF 17 at 12, 17.

In pre-2017[2] disability benefits applications, "the opinion of a treating physician must be given more weight than the opinion of an examining physician, and the opinion of an examining physician must be afforded more weight that the opinion of a reviewing physician." *Ghamin v. Colvin*, 763 F.3d 1154, 1160 (2014) (citing *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001); 20 C.F.R. § 404.1527(c)). If the ALJ rejects a treating physician's opinion that is undisputed, the ALJ must provide "clear and convincing reasons that are supported by substantial evidence." *Id.* at 1160-61.

### 1. Weighing of Dr. Pang's Opinion

V.M. appeals the ALJ's decision on the grounds that the ALJ erred by discrediting the opinion of Dr. Pang, her examining orthopedic surgeon, without providing specific, legitimate reasons. ECF 17 at 14. The ALJ stated that Dr. Pang's opinion "was not consistent with the overall record." AR 697. V.M.'s responsibility as the President of an organization of 30 is "physically and mentally similar to her past relevant work." ECF 23 at 13.

Contradicting opinions are rejected only by "specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). Thus, when the ALJ "fails to provide adequate reasons for rejecting the opinion of a treating or examining physician" the opinion should be credited "'as a matter of law.'" *Id.* at 834 (quoting *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989)).

Here, the Court finds that "taking calls" and "checking in" with others at the weaving organization is substantially different from the physical impairments Dr. Pang stated in his opinion which discussed limitations such as, "no sitting and/or driving for more than thirty minutes without a ten-minute break." AR 480. The ALJ draws a parallel between V.M.'s current obligations with her prior work from 2010 to 2011 where she

---

[2] For claims filed on or after March 27, 2017, medical opinions are not given any specific evidentiary or controlling weight. The main factors for consideration are persuasiveness and supportability of the opinion.

6

would "check in with people" and "take calls." AR 720. The ALJ fails to mention that V.M. had delegated as much work as she could after her injury but could not continue working. AR 90. The ALJ's reasoning for rejecting Dr. Pang's opinion is inadequate and unsupported by substantial evidence in the record.

In sum, the Court finds that the ALJ failed to provide sufficient reasons for rejecting the entire opinion of Dr. Pang.

### 2. Weighing of Dr. Rochette's Opinion

V.M. also appeals the ALJ's decision on the grounds that the ALJ erred by affording little weight to Dr. Rochette's opinion without sufficient reasoning. ECF 17 at 14. The ALJ discredited Dr. Rochette's opinion for the same reasons as his decision on Dr. Pang's opinion. This Court finds that Dr. Rochette's opinion about needing breaks, being fatigued, and lacking concentration is not contrary to the record. AR 420. The Court also finds the comparison between V.M.'s prior occupation and current leadership of a weaving organization unavailing. Therefore, the ALJ's reasoning for rejecting Dr. Rochette's opinion is inadequate and unsupported by substantial evidence in the record.

In sum, the Court finds that the ALJ failed to provide sufficient reasons for rejecting the entire opinion of Dr. Rochette.

### 3. Weighing of Dr. Cohen's Opinion

V.M. also appeals the ALJ's decision on the grounds that the ALJ erred by discrediting the opinion of Dr. Cohen, her treating psychiatrist since 2012, without providing specific, legitimate reasons. ECF 17 at 15-16. The ALJ found that Dr. Cohen utilized a check-mark form with little to no narrative explanation, his opinion was inconsistent with V.M.'s limited treatment, and it was inconsistent with V.M.'s activities. ECF 23 at 14-15.

However, in addition to the form, Dr. Cohen also provided treatment records and stated that some of V.M.'s psychological impairments involved difficulty concentrating, medication-induced fatigue, and required prior aggressive treatment for her depression. ECF 17 at 15-16. The Court finds that these records can provide narrative missing in the

7

check form. The Court also finds that V.M.'s activities do not weigh against her application and her prior history of electroconvulsive therapy, treatment resistant depression, and brain surgeries must be considered with the "limited treatment" she now receives. ECF 17 at 8, 16. Therefore, the ALJ's reasoning for rejecting Dr. Cohen's opinion is inadequate and unsupported by substantial evidence in the record.

In sum, the Court finds that the ALJ failed to provide sufficient reasons for rejecting the entire opinion of Dr. Cohen.

### 4. Weighing of Dr. Anderson's Opinion

V.M. also appeals the ALJ's decision on the grounds that the ALJ erred by discrediting the opinion of Dr. Anderson without providing specific, legitimate reasons. ECF 17 at 17. The ALJ concedes that Dr. Anderson offered a detailed report, but that it was rendered nearly a year after V.M.'s date last insured. ECF 23 at 14. In addition, the ALJ noted that V.M. had purchased a loom, engaged in creative activities, and had regular hobbies. *Id.*

However, despite the opinion being rendered after the date V.M. was last insured, it was based upon V.M.'s condition prior to that date and the hundreds of medical records prior to that date as well. ECF 17 at 16. The Court also warns against using an applicant's ability to engage in pastimes or therapeutic activity as evidence inconsistent with having a legally recognized disability. A claimant does not need to be "utterly incapacitated." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Therefore, the ALJ's reasoning for rejecting Dr. Anderson's opinion is inadequate and unsupported by substantial evidence in the record.

In sum, the Court finds that the ALJ failed to provide sufficient reasons for rejecting the entire opinion of Dr. Anderson.

## IV. CONCLUSION

For the foregoing reasons, the Court REMANDS this case for further proceedings. On remand, the ALJ must reevaluate V.M.'s testimony and the medical opinions of Dr. Pang, Dr. Rochette, Dr. Cohen, and Dr. Anderson to determine if V.M. qualifies for social

security benefits.

**IT IS SO ORDERED.**

Dated: July 6, 2022

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

9